Reed, P. J.,
delivered the opinion of the court.
This court must again protest against abstracts of the character of that filed in the present case. It is a mere index, and we are compelled to resort to the record for most of the important facts.
The judgment of the district court must be affirmed. Appellant was a bank engaged in business. Lane being indebted to it, assigned his entire claim against the city to it *433 —first, to secure the indebtedness; second, as his agent, to collect for him the entire claim, pay itself, and hold the balance to be disposed of as directed by him. The assignment was only for the amount of the indebtedness; the balance for collection. The amount of the claim against the city is said to have been $2,300; appellants claim against Lane $1,198.57 ; balance belonging to Lane $1,101.43; the Doyle attachment $496.93; balance after Doyle attachment $604.50. This was the condition of affairs on July 19th, when the order of Lane in favor of appellees for $500 was presented. The attachments of Beatty and McClelland were later in the day, and after the transfer of the $500 by Lane to appellees.
The sworn answer of appellant, as garnishee in the different proceedings, set up this condition and admitted the transfer of $500 to appellees from Lane, which it was to pay over. There was a full recognition of the transfer, its validity and the legal liability of the bank to pay the amount, which it could not subsequently change and invalidate.
It is clear that, so far as the excess over the indebtedness was concerned, appellant was only the agent or trustee to apply the money as ordered by Lane. The trust was accepted, and it was its duty to apply the money as ordered by Lane. It was not invested with any discretion or power of adjudicating between the different claimants, and if in doubt it could only await the decree of a competent court. The question of the legality of the transfer of $500 from Lane to appellees was entirely between them, and if challenged it could only be by rival claimants for the same fund. The residue, after payment of the indebtedness to the bank, was a specific trust fund. Of that fund $500 was assigned to appellees. That such a transfer was a legal and equitable assignment of so much of the fund, whether the fund was in hand or to be received, is well settled by authority. It was an assignment of the date of the order, and if the money was not in hand became operative when the money was received.
In Christmas v. Russell, 14 Wall. 84, it is said: “A bill of *434 exchange or a check is not an equitable assignment pro tanto of the funds of the drawer in the hands of the drawee. But an order to pay out of a .special fund has always been held to be a valid assignment in equity and to fulfill all the requirements of the law.” And that such an assignment is good at law, see Pom. Rem. and Rem. Rights, secs. 77 and 85 ; Drake on Att., secs. 527 and 528; 2 Wade on Att., sec. 537; McDaniel v. Maxwell, (Sup. Court of Oregon) 27 Pac. Rep. 952, where the almost identical question involved in this case received careful attention. See, also, Trist v. Child, 21 Wall. 441; Christmas v. Russell, supra; Lapping v. Duffy, 47 Ind. 51; Brill v. Tuttle, 81 N. Y. 454; Peugh v. Porter, 112 U. S. 737 ; Wright v. Ellison, 1 Wall. 16; Fordyce v. Nelson, 91 Ind. 447; Legro v. Staples, 16 Me. 252.
Consequent^, if appellant attempted to exercise any discretion or adjudicate the rights of rival claimants, and made a mistake, it must suffer the consequences. Its answer in this suit was at variance with its answer in the attachments, and it was bound by its answer in those. Neither of the matters set up in the answer were available to it as a disinterested custodian or agent, and could only be made available by some rival claimant to the same fund. It is clear that at the time of the transfer from Lane to appellees of the $500, it was subject to the disposition of Lane, and he having transferred it to appellees while he had legal right to do so, they became the owners; hence, any diversion of the fund by appellant was at its own risk. It follows that the district court properly sustained the demurrer to defendant’s answer, and that the judgment must be affirmed.

Affirmed.